# Commonwealth *v.* Leskoski, Appellant.

*Criminal law—Murder—Amending stenographer's notes—Practice O. and T.*

1. It is not reversible error for the trial judge upon rule to amend the stenographer's record of a murder trial, over five years after the trial, to refuse to permit one of the trial attorneys to testify from recollection that certain objections to admission of evidence were made and rulings had thereon, when the record and the recollection of the judge show no such objection or ruling, and the answer of the attorney for the commonwealth denies that such objections or rulings were made.

*Criminal law—Murder—Trial—Evidence.*

2. On the trial of an indictment for murder it is not error to receive in rebuttal competent evidence that the deceased before she died charged the defendant with shooting her, and that he did not deny it.

Argued May 17, 1909. Appeal, No. 160, Jan. T., 1909, by defendant from judgment of O. & T. Carbon Co., Oct. T., 1903, No. 1, on verdict of guilty of murder of the first degree in case of Commonwealth v. Martin Leskoski. Before Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Indictment for murder. Before Heydt, P. J.

At the trial the court charged in part as follows:

Martin Flisic and Valent Yananchik say when Martin Leskoski was taken before Mary Yananchik, when she was on the wagon to be removed to the hospital, that she, Mary Yananchik, said, "Martin Leskoski, you shot me;" that Martin Leskoski said, "Did I shoot you?" that she said, "Yes, you did."

Edward O'Donnell says that when he was taking Martin Leskoski to Mauch Chunk jail, Leskoski said, "Eddie, this is a bad thing; if this woman dies, I'll get a couple of years."

Gentlemen of the jury, if you believe this testimony, it tends to establish that Martin Leskoski shot Mary Yananchik and you should so find.

On a rule to amend the transcript of the stenographer, Heydt, P. J., filed the following opinion:

On motion of counsel for the defendant the court granted a

rule to show cause why the transcript of the official stenographer's notes of testimony should not be amended in certain particulars, specifying them.

There was no petition verified by affidavit of any sort upon which the motion was based.

There is no allegation that the transcript of the notes as filed, is not a full, true and correct report of the proceedings.

The competency, honesty, integrity and fairness of the official court stenographer have not heretofore. (to the knowledge of the court) been challenged; counsel disclaimed at bar any intention to reflect upon him by this proceeding.

The transcript of the notes was made and filed by the official stenographer January 21, 1904, over five years ago.

Considering the infirmities of human memory; the great lapse of time since the trial; the fact that the prisoner had broken jail, and escaped and hardly anybody expected him to be returned; considering the frequent altercations of counsel during heated discussions in the trial of causes, counsel for one side confidently and positively asserting that counsel for the other side made certain statements, and counsel for the other side just as emphatically and absolutely denying that they made the statements attributed to them, claiming they had said something different; considering also the dangerous pitfalls and temptations to which enthusiastic and earnest counsel would be exposed if permitted under such circumstances as the present case presents to vary the record by their personal recollection, the criminations and recriminations which would be apt to follow (and the court has the highest possible regard for the integrity and fidelity of counsel engaged in this case and would not for one moment insinuate that they would willfully or knowingly do violence to the truth) and considering also the duty which the court owes to the members of its legal household, the court refused to admit oral testimony to vary the record as made by the official stenographer.

The court is ordinarily inclined to be liberal in granting exceptions. We are asked in this case to permit the record to be amended upon the strength of the recollection of counsel by adding: Objections of counsel to testimony, the reasons for

such objections, a ruling upon the alleged exceptions, and the sealing of bills of exceptions in the face of the written record made by a competent official at the time.

In other words, put upon the record; first, an objection (which was never made); second, a ruling upon said alleged objection (which was not made); third, an exception to said ruling (which is not true). Then this whimsical and imaginary record is to be assigned as error and made the basis for granting a new trial. This it seems to us would be liberality "gone mad." This we decline to do. It would be bad practice. In this case we will hold the stenographer's report of the case, as it is made by the act of assembly (re-enforced by the extrinsic facts and the court's recollection) the "official record and the best authority in any matter in dispute."

Verdict of guilty of murder of the first degree, upon which judgment of sentence was passed.

*Errors assigned* were in the following form:

1. The court erred in sustaining commonwealth's objection to the following offer of testimony upon the hearing sur motion to amend the transcript of official stenographer:

Horace D. Lentz, called on the part of defendant and sworn:

"Q. Mr. Lentz, you were an attorney in this case when it was tried? A. I was. Q. You were present all the time the case was tried in court? A. Yes, sir. Q. You were active as an attorney in the case, and participated in all the proceedings in the case? A. Yes, sir, I was. Q. Will you please turn to page 9 at the beginning of Valent Yananchik's testimony, 'what did he say and the defendant objects,' and the rule of the court 'the offer now is to prove what took place between this prisoner and the dead woman.' Do you recollect that at that time you and your associate counsel took exception to the ruling of the court?"

Objected to, that the evidence was taken in open court before an official stenographer, who is here present in court now, and that his notes show no such objection made after the language of the court quoted, as appears from the transcript filed; and that the witness is incompetent at this time to con-

tradict the record as the stenographer has it on his notes. Objection sustained. Exception for defendant and bill sealed.

2. The court erred in sustaining commonwealth's objection to the following offer of testimony at the hearing upon the motion to amend transcript of official stenographer:

"Q. On page 58 of the testimony of Martin Leskoski, at the beginning: 'did she see you;' and as set forth in the transcript, 'Commonwealth at the request of defendant reduces the question to writing. The commonwealth proposes to ask the defendant on the stand whether Mary Yananchik the morning after the shooting, did not say to him that he shot her, and the prisoner then asked her, did I shoot you, and she said, yes, you did, and the whole conversation at that time.' Do you recollect as one of the counsel for the defendant, Mr. Lentz, that that offer was objected to because what Mary Yananchik said at this time would not be evidence or a part of the res gestæ or dying declaration and therefore inadmissible. Do you recollect if you put in that objection, Mr. Lentz?"

Objected to by the commonwealth that the notes of the stenographer and the record in the case show no such objection made as set forth. Commonwealth admits that the record from the notes of the stenographer does set forth, as follows: "Defendant objects to any conversation that Mary Yananchik, the deceased, had to anybody else at that time as being hearsay evidence;" that that portion just quoted was omitted from the transcript of the testimony filed by the stenographer, and commonwealth agrees that it now be inserted at that point; that otherwise the record as it appears in the transcript filed, is a true and correct record from the notes of the stenographer made at the time, and the witness is not now competent to contradict that record and the evidence is inadmissible for that purpose. Objection sustained. Defendant asks for an exception.

The Court: Do not think you are entitled to an exception, as this testimony will not be reviewed. The court will direct the stenographer to amend the record in any part where the transcript differs from the notes he has, but we will not permit the defendant to vary the record by putting thereon what the

recollection of counsel for the defendant is as to any subject outside of what the stenographer has on his notes.

The defendant requests the court to direct the stenographer to transcribe the proceedings on this motion and file them with the papers in the suit, and that they be made a part of the record. Commonwealth objects to the court ordering these proceedings being made a part of the record, but has no objections to an order of the court being made to transcribe them for the benefit of the defendant, if there can be any, but as part of the record, it is immaterial and incompetent and inadmissible, as the whole matter is addressed to the discretion of the court.

The Court: These proceedings may be transcribed by the stenographer and filed.

3. The court in charging the jury, erred in directing the attention of the jury to the testimony of Martin Flisic and Valent Yananchik given in rebuttal in connection with, and as though a part of the testimony of the commonwealth in chief, and in not limiting this testimony thus given to the contradiction of defendant's testimony upon examination, and as affecting his credibility as follows:

"Martin Flisic and Valent Yananchik say when Martin Leskoski was taken before Mary Yananchik when she was on the wagon to be removed to the hospital that she, Mary Yananchik said, 'Martin Leskoski, you shot me;' and that Martin Leskoski said, 'Did I shoot you?' that she said, 'Yes, you did.'

4. After directing the attention of the jury to the testimony of the witnesses for the commonwealth, of which a part is set forth in the second assignment of error, the court erred in charging the jury as follows: "Gentlemen of the jury, if you believe this testimony, it tends to establish that Martin Leskoski shot Mary Yananchik, and you should so find."

*Horace De Y. Lentz,* with him *Nathan M. Balliet, R. A. Heberling* and *James M. Breslin,* for appellant.

*George E. Gray,* district attorney, and *Frank P. Sharkey,* for appellee, were not heard.

PER CURIAM, June 22, 1909:

If the first and second assignments of error are to be entertained, they are dismissed on the opinion of the court below, discharging the rule to show cause why the transcript of the official stenographer's notes of testimony should not be amended. The testimony which is the subject of the third and fourth assignments, though received in rebuttal, was properly commented upon in the charge. The judgment is affirmed and the record remitted to the court below for the purpose of execution.